## Watts *versus* Lehman.

1. One who had been a tenant may maintain trover and conversion against his former landlord for fixtures which he had a right to remove prior to the determination of the lease, and which he attempted to remove in due time, but was forcibly prevented from so doing by the landlord, who had wrongfully taken possession of the demised premises under an unexpired notice of forfeiture.

2. In such an action, evidence is admissible on the part of the plaintiff, to show that by the terms of the lease, the defendant's possession was unlawful, and that at the time the plaintiff attempted to remove the fixtures he had complied with the stipulations of the lease entitling him so to do.

3. Darrah, Moore & Co. *v.* Baird, 5 Out. 265, distinguished.

June 3d, 1884. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Cumberland county*: Of May Term, 1884, No. 38.

Trover and conversion by Henry M. Watts, and William M. Watts, trading as Henry M. Watts & Son, against J. C. Lehman, to recover certain machinery, implements and tools for mining iron ore. Plea, not guilty.

On the trial, before HERMAN, P. J., the plaintiffs claimed that as tenants of a certain tract of land under mining lease from defendant they had put said machinery on the property, and that by the terms of the lease, and under the facts of the

[Watts v. Lehman.]

case, they had the right to remove said implements and fixtures within a certain time, but that, within such period of time the defendant illegally took possession of the premises, and forcibly resisted and prevented the plaintiff from entering upon the premises and removing the same. The plaintiff offered in evidence the lease, and supplements thereto, which, upon objection the court ruled out, upon the ground that the defendants having entered into possession before the removal of the fixtures, and the lease having determined prior to the bringing of this action, trover would not lie by the former tenants against their former landlord, for the chattels and fixtures in question.

Among other offers the plaintiffs made the following offer:

The plaintiffs now propose to show that they were tenants of the defendants under a mining lease dated March 2d, 1881, with several supplements thereto, and that while they occupied the relation of tenants they put upon the premises certain machinery and other personal property; that by the terms of the lease they had the right in case of a forfeiture to remove all machinery and property, provided they complied with certain conditions within thirty days from notice of forfeiture, and that those conditions were fully complied with by these plaintiffs, that by the terms of said lease and its supplements it was provided that the lease should be forfeited and become null and void within thirty days after written notice to lessees of such forfeiture upon a certain event, and upon another event within sixty days from such written notice of forfeiture; that no written notice of forfeiture was given to said plaintiffs until May 1st, 1883, and within eight days thereafter the plaintiffs, by their agents and employees, undertook to remove their property, and were forcibly prevented from doing so by the defendant; and again on May 23d, 1883, the defendant forcibly prevented the agent of the plaintiffs from removing their property, and threatened to assault him if he attempted to do so; that the defendant wrongfully and before the termination of the relation of landlord and tenants between him and the lessees according to the terms of the agreement, took possession of the plaintiffs' property and retained possession thereof. All this for the purpose of showing title to the property involved in this action in the plaintiffs, and the wrongful taking of it by the defendant.

Objected to by defendant:

1st. The offer is but a repetition in general and vague terms of the specific one just rejected by the court.

2d. It offers to bring into court the mutual covenants of the plaintiffs and defendants, and to claim damages for

breaches of covenant by defendant; matters which can only be determined in an action of covenant where defendant may have a recovery against plaintiff if entitled to any on the whole case.

3d. The offer is untrue in fact, as shown by the lease already shown to the court, and in this offer referred to.

4th. The offer recognizes a lease to, and occupancy by plaintiff, of certain lands; the termination of the lease, and occupancy of the land by defendant at the time of the alleged demand for the machinery, etc., and therefore trover will not lie.

5th. It is patent that the property mentioned in this offer is machinery and property belonging to and used in the working of an ore bank; fixtures, therefore: and as it is not offered to be shown that these fixtures had been severed at the time suit was brought, this action cannot be sustained.

6th. The offer shows that the action should have been on the covenant, if the plaintiffs have suffered any damage; and not trover and conversion.

BY THE COURT. The general terms of this offer make it necessary for me to explain more fully than probably I would otherwise do the view the court takes of the questions thus submitted to it. The property, the value of which is sued for in this action, is said to have been put upon this property by the plaintiffs whilst they were in possession of the lands as tenants working the ore banks upon it. If the machinery and other personal property mentioned in the offer were such machinery and implements as formed a necessary part and were necessarily used in the working of the ore mines then held, as in Ege et al. *v.* Kille et al., 3 Norris 333, they would be fixtures and part of the realty; and if the owner, that is, the landlord, who is this defendant, took possession of the premises under a claim that the lease was forfeited before this property was severed from the realty, and it still remains a part of the realty, I cannot see how the action of trover can be maintained against him, because if erected in that manner the fixtures are part of the realty; they have not been actually severed. I cannot see how it can be said that there has been a trover and conversion. Any question as to the right of possession necessarily involves the title to the realty, and, as was said in Darrah, Moore & Co. *v.* Baird, title to land cannot be tried in such an action as this when the plaintiff is not in possession.

Now, if it is proposed to prove that the defendant refused to permit the plaintiff to take other property than such machinery as was necessary to the working of the ore banks we would have to admit the offer to that extent; but as I under-

stood the counsel for the plaintiffs the property mentioned in the offer embraces such machinery as were necessary to the working of the ore mines. I understand further from the offer that it is proposed to prove that the defendant took possession of the premises, and, having possession of the premises, refused the plaintiffs permission to remove the fixtures. If he had possession of the premises under a claim of right to the possession, claiming that the lease was terminated or forfeited, the title to the land, or the right of possession would necessarily be involved in the offer. With this understanding of the offer it would have to be rejected. If, however, the plaintiffs can show that they were in possession, and that whilst they were in possession this defendant removed any of the property that they had put upon the premises, we will admit the offer to that extent. I do not understand even that it is proposed to prove that any of the property has been removed from the premises, but it still remains as much part of the realty as when the defendant went into possession.

The offer is rejected, plaintiffs except, and bill sealed. (Second assignment of error.)

The court having excluded all the plaintiffs' offers of evidence, instructed the jury to find for the defendant.

Verdict, accordingly, for the defendant and judgment thereon. The plaintiffs took this writ of error, assigning for error, inter alia, the rejection of their offers of evidence, and the instruction to find for the defendants.

*Edward B. Watts* and *John Hays*, for the plaintiffs in error.— The court below, on the authority of Darrah *v.* Baird, 13 W. N. C. 332 ; 5 Out. 265 ; ruled us out of court on the ground that the defendant, being in possession, we could not maintain trover against him for the trade fixtures and personal property on the premises. But the distinction between the cases is that in Darrah *v.* Baird the tenant surrendered possession of his term, while here the landlord evicted us before the expiration of the notice of forfeiture, and forcibly prevented us from removing the goods during the time within which, by the terms of the lease, we had a right to do so The wrongful act of defendant in usurping a *de facto* possession was made the basis of his right to defeat the action of trover—a conclusion predicable only of a lawful possession by defendant, after expiration, surrender or forfeiture of the term. Our offer to show that his possession was unlawful, and that we had the right to remove the goods when we attempted to do so, and were forcibly prevented, should have been admitted.

*S. Hepburn, Jr.*, (*W. F. Sadler* with him), for the defendant in error.—The plaintiffs' remedy, if any, was in covenant. Their offer admits that defendant took and retained possession of the demised premises under claim of right, in pursuance of . a notice of forfeiture of the lease, and being in possession, rightfully or wrongfully, the respective rights of the parties could only be tested by an action on the contract, for alleged breach of covenant; trover and conversion for fixtures which remained attached to the realty clearly would not lie, after the determination of the lease.

Mr. Justice TRUNKEY delivered the opinion of the court, October 6th, 1884.

In Lehman *v.* Watts & Son it has just been decided that the lease contains "no covenant, express or implied, to pay for ore not mined and removed." Whether the lessor could maintain covenant against the lessees to recover damages for the default in not mining and removing two hundred tons of ore in every period of thirty days, is a question not raised in that case, nor is it in this. Damages arising from breach of contract to mine a certain quantity of ore is not to be confounded with royalties to be paid upon the number of tons mined.

The parties stipulated that the lessees might remove the new machinery they put on the premises, at the termination or cancellation of the lease, provided all . royalties were paid on all ore mined; and "that said machinery is to remain on said premises if said lease is forfeited from any cause whatever, unless all royalties and certificates of weight are paid and furnished within thirty days from notice of forfeiture." This stipulation is for the benefit of the lessor. When a tenant attaches to the land fixtures for his business the law in favor of trade presumes that he intended to remove them before the end of the term; it is only on leaving them that the intention to make a gift to the landlord is imputed to him : Hill *v.* Sewald, 53 Pa. St. 271. By the contract the exercise of the plaintiffs' right was subjected to the condition that all royalties be paid within thirty days from notice of the forfeiture, in case of forfeiture from any cause. The lessees agreed, upon their default in full compliance with the conditions of the lease, to surrender and forfeit all rights under it at the end of thirty days, provided they had written notice of such default; and if the default arose from specified causes they were to have an additional thirty days to comply. Nothing appears to warrant a construction differing from the ordinary meaning of the words in the contract, and the meaning is not doubtful. The proviso is express that the lessees shall have

notice of the default; the argument is that they shall sur-
render and forfeit at the end of thirty days, and if certain
causes exist they shall have additional thirty days to comply.
Within the thirty days, expressly, they had right to remove
the ore mined, furnish the certificates, pay the royalties and
remove the machinery.

The lessor gave notice of the default on May 1, 1883; im-
mediately thereafter took possession of the premises, without
consent of the lessees, forcibly prevented the lessees from
removing the machinery within the period of thirty days from
the notice, and the certificates had been duly furnished and
the royalties all paid before the lessees attempted to remove
their property. All evidence of the facts was excluded, and
in the present inquiry what was offered to be proved, if com-
petent, must be taken as proved.

A fixture erected by a tenant on demised premises for the
purposes of trade, is personal property, and may be removed
by him within the term; and it does not alter the case that
by the agreement between the landlord and the tenant, the
fixture in a certain event, was to become the property of the
landlord, unless the event had actually occurred: Lemar v.
Miles, 4 Watts 330. By law, and also by agreement of the
parties, the property claimed by the plaintiffs was personalty
until the end of the term, or until the end of thirty days from
the notice of the default. The learned judge of the Common
Pleas, citing Darrah, Moore & Co. v. Baird, 13 W. N. C. 332;
[s. c., 5 Out. 265], as authority, ruled that trover would not
lie because the landlord was in exclusive possession of the land
before the tenant undertook to remove the fixtures. But the
facts in that case materially differ from the facts in this. A
glance at the. opinion of the present Chief Justice reveals
that the ruling was based on the fact that the landlord had
actual and legal possession, by consent of all interested parties,
before those who had been tenants demanded the fixtures—it
was the case of demand and refusal after the end of the term.
The point and scope of the case are stated in the syllabus
thus : "A refusal by the owner of the freehold, after he has
taken possession upon the expiration and surrender of the
term, to permit the former tenants to remove fixtures, which
they had attached to the premises during the term, will not
enable the latter to maintain trover for them against him."

In this case the landlord took possession before the end of
the term without the tenants' consent, and with strong hand
prevented the tenants from removing their personal property.
Possession was not voluntarily surrendered by the tenants, it
was wrongfully taken by the landlord. Before the end of the
term, whether the property in controversy was attached to

the realty or not, it was personalty and belonged to the tenants. They had agreed not to remove it until payment of all royalties. Upon such payment within the term, the right of removal was complete. The instant the defendant took and appropriated the plaintiffs' property they became entitled to redress by proper action at law. His wrongful possession is not a bar to the action of trover. If he entered in violation of his contract and unjustly converted the chattels, he is liable as a stranger would be for entering and taking the plaintiffs' goods.

The title to real property cannot be directly tried in trover, but may be incidentally brought in question: Green *v.* Ashland Iron Co., 62 Pa. St. 97. This issue involves only the ownership of personal property and the right to remove it. No title to land is in question, and the right of possession is determined by the contract. Whether the defendant had the right of possession under the contract is incident to the issue, as would be the claim of a third party who had intruded into possession and appropriated the plaintiffs' personal property.

We are of opinion that evidence of the facts set out in the second assignment of error was admissible.

> Judgment reversed and venire facias de novo awarded.