## Donnelly *v.* Frick & Lindsay Company, Appellants.

207          597
209          ¹312
207          597
e 29 SC ² 55

*Landlord and tenant—Distress—Trade fixtures—Presumption—Holding over.*

The presumption of the law, being in favor of trade, is that a tenant does not intend to make his trade fixtures part of the realty for the permanent benefit of his landlord, but will remove them before the end of his term; and it is only when he leaves without removing them during the term that an intention of making a gift of them to the landlord is to

## 598 DONNELLY v. FRICK & LINDSAY CO., Appellants.

be imputed to him. The same rule applies when, by permission of the landlord, even without formal renewal or extension of the lease, the tenant continues to remain on the premises for a definite or indefinite term. During such period, in the absence of any agreement to the contrary, his intention as to the fixtures remains unchanged, and his right to remove them is unaffected by his holding over.

In an action by a landlord against a former tenant to recover damages for an alleged wrongful removal of trade fixtures after the expiration of a lease, where the evidence tends to show that the agent of the landlord gave the tenant the right to remain in possession of the leased premises until another building could be procured, it is error for the court to charge that the tenant had no right to remove the fixtures during the period of holding over, if there was no " definite and determined agreement settled," between the parties.

Argued Nov. 4, 1903.   Appeal, No. 111, Oct. T., 1903, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1902, No. 617, on verdict for plaintiff in case of Charles Donnelly v. Frick & Lindsay Company.   Before MITCHELL, C. J., DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ.   Reversed.

Trespass for alleged wrongful removal of trade fixtures after expiration of term.   Before EVANS, J.

At the trial it appeared that the defendant was a tenant of the plaintiff in a building at the corner of Wood street and Chestnut avenue in the city of Pittsburg.   The tenancy expired on April 1, 1902.   During the term defendants had erected in the premises a stationary gas engine and two dynamos with the necessary belting and shafting.   Defendant was notified to quit on December 28, 1901.   The fixtures were removed on April 14, 1902.   The defendant claimed that a Mr. Black, the agent of the landlord, had given it permission to remain upon the premises until it could get possession of a building which it expected to occupy.   On this subject William E. Frick, on behalf of the complainant, testified as follows :

Then Mr. Black came to see me a few days after that and said he wanted to see us about leasing the property again.   I said, " Mr. Black, you know perfectly well we have leased another property and there is no use of talking about this, but I want to arrange with you about keeping the property for at least two months after the first of April."   He said, " That is perfectly satisfactory."

Plaintiffs denied any extension.

The court charged in part as follows :

[There is only one question of fact in this case for you to determine, and that is this, were these fixtures removed after the tenant's lease expired ? The terms of the original lease expired on April 1, 1902, and unless there was an extension of that term then that was the end of the tenancy and they had no right to remove this machinery on April 14, or at what-ever time they did remove it after April 1. The defendants, however, claim that there was an extension of this lease in an agreement made by Mr. Black, the agent for the landlord, with one of the officers of this defendant company. Now, that is the only question of fact in dispute, and that is the question of fact for you to determine.] [1]

[In order to constitute an agreement it must have been an agreement of fixed and definite terms. It could not be a loose expression as to what would probably be done in the future. It must have been an agreement at that time which was binding upon both of the parties, and settled . . . . but, as I have stated, that must have been a definite and determinate agreement settled between them. It could not be an expression that there will be no difficulty, or some expression that indicated that if the contingency arose that they would probably be able to arrive at an understanding. That is not an agreement. It must have been an agreement made at the time between the parties.] [2]

Verdict and judgment for plaintiff for $1,700. Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*W. K. Jennings*, with him *D. C. Jennings*, for appellants.—It is a well settled rule of law that a tenant for years who erects fixtures for the benefit of his trade or business may at any time during the term remove them from the demised premises ; but he cannot after the expiration thereof unless he remains in possession and holds over so as to create an implied renewal of the lease : Davis v. Moss, 38 Pa. 346; Darrah v. Baird, 101 Pa. 265.

*William M. Hall, Jr.*, with him *Watson B. Adair*, for ap-

pellee.—Fixtures must be removed during the term. After the term they become inseparable from the freehold and cannot be removed by the tenant : White v. Arndt, 1 Wharton, 91 ; Overton v. Williston, 31 Pa. 155.

OPINION BY MR. JUSTICE BROWN, January 4, 1904:

The articles removed from the demised premises by the appellant were trade fixtures. The well settled rule, that the tenant must remove them during the term, and that the right to do so ceases with its expiration, was correctly stated by the learned trial judge in his instructions to the jury. The lease to the appellant expired April 1, 1902, and the proper notice to quit had been served by the landlord. The fixtures were not removed until about the middle of April, and, if there were nothing more in the case, the plaintiff ought to recover.

The presumption of the law, being in favor of trade, is that a tenant does not intend to make his trade fixtures part of the realty for the permanent benefit of his landlord, but will remove them before the end of his term ; and it is only when he leaves without removing them during the term that an intention of making a gift of them to the landlord is to be imputed to him: Hill v. Sewald, 53 Pa. 271; Watts v. Lehman, 107 Pa. 106. If, during the term, no intention can be imputed to the tenant to make a gift to his landlord of fixtures, which he has attached to the land for the use of his business, and he has a right to remove them during the tenancy, the same rule ought to, and does, apply when, by permission of the landlord, even without a formal renewal or extension of the lease, he continues to remain on the premises for a definite or indefinite term. During such period, in the absence of any agreement to the contrary, his intention as to his fixtures remains unchanged, and his right to remove them is unaffected by his holding over.

In the present case there was testimony from which the jury could have found that the appellant was justified in believing permission had been given by the landlord's agent to remain upon the premises after April 1, 1902, and that the fixtures had been lawfully removed during the period of extension granted it, even if indefinite in duration. The tenant may have been mistaken as to its right to remain ; but, if it was misled

into doing so by the conduct or language of the agent of the appellee, the latter cannot now ask that the fixtures be forfeited to him.   This is what the jury should have been told, and it is not to be doubted that they were misled when instructed that the holding over, which would justify the removal of the fixtures,° must have been in pursuance of an agreement of fixed and definite terms, "binding upon both of the parties, and settled."   A portion of the charge excepted to is, that there "must have been a definite and determinate agreement settled between them."   In this there was error, and, that the case may be submitted under proper instructions, the judgment is reversed with a venire de novo.