## Radey *v.* McCurdy, Appellant.

*Landlord and tenant—Trade fixtures—Removal—Extension of lease.*

When a tenant attaches to the land fixtures necessary for him in the conduct of his business, the presumption is that, at the expiration of his lease, he will remove them; and it is his right to do so. They are not put in for the benefit of the landlord, and, until the tenant, after his term expires, leaves them on the premises in which he no longer has any interest, no intention can be imputed to him to abandon them to his lessor.

Where a tenant having trade fixtures on the premises, secures a new lease in the nature of an extension of the old lease, and the new lease contains no reservation of the right to remove the fixtures, the tenant may keep the fixtures on the premises without giving the landlord the right to restrain their removal at or before the expiration of the second lease. In such a case the law will not require the tenant to do the vain thing of removing the fixtures one day and moving them back the next.

Argued April 26, 1904. Appeal, No. 303, Jan. T., 1903, by

defendants, from decree of C. P. No. 1, Phila. Co., June T., 1903, No. 3495, on bill in equity in case of John Henry Radey v. James McCurdy and Samuel McCurdy, trading as McCurdy Brothers.   Before MITCHELL, C. J., DEAN, BROWN, MESTREZAT and THOMPSON, JJ.   Reversed.

Bill in equity for an injunction.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the decree ordering the defendants to pay the plaintiff the sum of $5,400 and costs.

*M. Hampton Todd* and *Daniel C. Donoghue*, for appellants.— The right of a tenant to remove trade fixtures continues as long as the tenant is in possession as a tenant : Hill v. Sewald, 53 Pa. 271 ; Hey v. Bruner, 61 Pa. 87 ; Davis v. Moss, 38 Pa. 346 ; Seitzinger v. Marsden, 2 Pennypacker, 463 ; Watts v. Lehman, 107 Pa. 106 ; Furnace Co. v. Stouffer, 127 Pa. 336 ; Wick v. Bredin, 189 Pa. 83 ; Penton v. Robart, 2 East, 88 ; Weeton v. Woodcock, 7 M. & W. 14.

In the absence of an express agreement, title to fixtures in Pennsylvania, as between landlord and tenant, depends upon the tenant's intention when the fixtures were placed upon the property ; and there is no presumption that a tenant who annexes trade fixtures to the freehold intended to make a gift of them to the landlord for the benefit of a property which the tenant did not own, and it is only upon the tenant's quitting possession of the premises voluntarily, leaving the fixtures behind him, that an intention to make a gift of them to the landlord is imputed to the tenant : Hill v. Sewald, 53 Pa. 271 ; Watts v. Lehman, 107 Pa. 106 ; Darrah v. Baird, 101 Pa. 265 ; Townsend v. Underhill, 6 Pa. C. C. Rep. 544 ; Furnace Co. v. Stouffer, 127 Pa. 336.

An examination of the Pennsylvania cases in which it has been held that fixtures installed by a tenant have become the property of the landlord will show that the tenant had quitted possession of the premises, leaving the fixtures behind him : White v. Arndt, 1 Whart. 91 ; Davis v. Moss, 38 Pa. 346 ; Overton v. Williston, 31 Pa. 155 ; Shellar v. Shivers, 171 Pa. 569 ; or formally abandoned the lease : Darrah v. Baird, 101

Pa. 265; or there was an intention to make the fixtures a part of the realty: Carver v. Gough, 153 Pa. 225.

As to the second proposition, that the agreement of July 11, 1902, is a new lease and as the defendants failed to have inserted in it a clause securing the right to remove at the expiration of that lease what they had the right to remove at the end of the old one they thereby must be deemed to have abandoned the fixtures to the landlord for the benefit of the freehold and consequently became tenants of the property with the fixtures as part thereof. Such is not the law in Pennsylvania: Seitzinger v. Marsden, 2 Pennypacker, 463; Seeger v. Pettit, 77 Pa. 437; East Sugar Loaf Coal Co. v. Wilbur, 5 Pa. Dist. Rep. 202; Darrah v. Baird, 101 Pa. 265. Seitzinger v. Marsden, 2 Pennypacker, 463, is on all fours with the present case.

*William MacLean, Jr.*, for appellee.—Where a landlord and tenant enter into an agreement as to the future possession of the premises, the law presumes that they contract as to the premises as they then are.

A tenant having the right to remove fixtures loses that right upon entering into a new agreement with his landlord for the future possession of the premises, unless the right is reserved at the time.

It is immaterial that the new agreement purports to extend or renew, or refers to the provisions of a former lease, provided there is nothing in the former lease whereby the tenant may remove the fixtures: Fitzherbert v. Shaw, 1 H. Bl. 258; Thresher v. East London Water Works, 2 B. & C. 608; Heap v. Barton, 12 C. B. 274; Sharp v. Milligan, 23 Beav. 419; Merritt v. Judd, 14 Cal. 59; Jungerman v. Bovee, 19 Cal. 354; Apell v. Williams, 3 Daly, 17; Loughran v. Ross, 45 N. Y. 792; Cook v. Scheid, 8 Am. Law. Rec. 493; Carlin v. Ritter, 68 Md. 478 (13 Atl. Repr. 370); Scott v. Haverstraw, Clay, etc., Co., 135 N. Y. 141 (31 N. E. Repr. 1102); Williams v. Lane, 62 Mo. App. 66; Talbot v. Cruger, 151 N. Y. 117 (45 N. E. Repr. 364); Sanitary Dist. of Chicago v. Cook, 169 Ill. 184 (48 N. E. Repr. 461); Gaughell v. Ainley, 83 Ill. App. 582; Stephens v. Ely, 162 N. Y. 79 (56 N. E. Repr. 499); Van Vleck v. White, 72 N. Y. Supp. 1026; Smyth v. Stoddard, 105 Ill. App. 510; Champ Spring Co. v. Roth Tool Co., 77 S. W. Repr. 344.

The obligation upon a tenant to reserve his right of removal in a new agreement is authoritatively stated in all the approved text books: Gibbons on Fixtures, Philadelphia reprint of London Edition (1836), p. 43 ; Ewell on Fixtures, 114; Amos & Ferrard on Fixtures, 3d ed. 160; Lawson on Rights, Remedies, Practice, vol. 6, par. 2899; Tiedeman on Real Property, 2d ed. par. 7 ; Jones on Real Property, par. 1768 ; Boone on Real Property, par. 9 ; Foa on Landlord & Tenant, 3d ed. p. 645; Woodfall on Landlord & Tenant, 17th ed. p. 712; Theobald on Law of Land, p. 26 ; Washburne on Real Property, 6th ed. sec. 38; 1 Parson on Contracts, 511; Taylor on Landlord & Tenant, 9th ed., sec. 552.

The Pennsylvania text books give the same doctrine: Jackson & Gross on Landlord & Tenant, p. 54; Williams on Landlord & Tenant, 2d ed. par. 153.

OPINION BY MR. JUSTICE BROWN, May 23, 1904:

This was a bill by a landlord to restrain his tenants from removing trade fixtures from the demised premises. A preliminary injunction was awarded, but subsequently dissolved. Before final hearing all the articles were removed by the tenants, and the court's decree was that they pay their landlord $5,400, the value of the articles removed, together with the costs of suit.

On September 17, 1892, the appellee leased the premises described in the bill to John C. McCurdy and James McCurdy, trading as McCurdy Brothers, for the term of ten years from October 1, 1892. The court found that the articles enumerated in the bill were trade fixtures and belonged to the lessees under the lease of September 17, 1892. The legal conclusion of the learned judge, that the tenants had the right to remove them during the term of their lease, was, therefore, manifestly correct, and under the facts found, the landlord could have raised no question if they had been removed at any time prior to October 1, 1902. Before the expiration of the lease, the tenants, as required by it, gave three months' notice to the landlord of their intention to terminate it.

In 1899 John C. McCurdy, as found by the court below, " sold his interest in the stock of goods, wares and merchandise, together with the machinery and fixtures, contained in the

building at the northwest corner of Front street and Susquehanna avenue, to James McCurdy." On July 11, 1902, a new lease was executed by the appellee to the said James McCurdy and Samuel McCurdy, another brother, trading under the same firm name of McCurdy Brothers, and James and Samuel became the lessees under the agreement of that date, which defines the lease to be an " extended and renewed " lease of September 17, 1892, at a reduced rental. The appellants removed all the fixtures before October 1, 1903, the date of the expiration of the extended and renewed lease.

Under the foregoing facts, the court below made the decree mentioned for the reason that, even if the lease of July 11, 1902, is to be treated as a renewal of the lease of 1892, between the same parties, the appellants had no right to remove the fixtures after the expiration of the first lease, in the absence of a clause in the second one reserving the right to do so at its expiration. Though the lessees under the first lease had an unquestioned right to remove the fixtures at any time before October 1, 1902, and, if they had done so, could immediately after that date have reinstalled them in the premises with the same unquestioned right to remove them at any time before October 1, 1903, the view of the learned court below is that they became the property of the landlord, because they were not removed and reinstalled, and there is no clause in the " extended and renewed " lease reserving the right of the tenants to remove them before it expired. Though this has been declared to be the law by some courts, and the learned judge had authority outside of this state to sustain him, we cannot subscribe to such a doctrine as being either in harmony with reason or consistent with fair dealing between man and man.

When a tenant attaches to the land fixtures necessary for him in the conduct of his business, the presumption is that, at the expiration of his lease, he will remove them; and it is his right to do so. They are not put in for the benefit of the landlord, and, until the tenant, after his term expires, leaves them on the premises in which he no longer has any interest, no intention can be imputed to him to abandon them to his lessor: Hill v. Sewald, 53 Pa. 271; Watts v. Lehman, 107 Pa. 106. There is a distinct finding that McCurdy brothers,

the lessees under the lease of 1892, never intended to abandon their trade fixtures.  One of the brothers, owning and having them in his possession, on July 11, 1902, entered with another brother into the "extended and renewed" lease.  The possession of the premises and the fixtures remained unbroken from 1892 to 1903 in at least one of the present appellants; and yet, because he did not, on the last day of September, 1902, remove them and put them back on the following day, when the "extended and renewed" lease began, and the lessees under it failed to formally reserve the right to remove them at the expiration of the "extended and renewed" term, an intention is to be imputed of an abandonment of them to the landlord.  Abandonment to him being a question of intention, it cannot be that, under the undisputed facts in this case, the appellants ever intended to or did abandon their trade fixtures.  To have removed them one day and put them back the next would have been a vain and useless thing, which the law requires of no one; and it offends reason to say that the landlord had a right to regard his tenants' property as abandoned to him because one of them, who was to continue as such for another year, needing the same fixtures in his unchanged business into which he had taken another person, had not, when the lease was extended and renewed, inserted a clause giving the tenants the right to remove the fixtures at the end of the extended term.  It will profit nothing to review the very many cases brought to our attention by the learned counsel for the appellee to support the decree of the court below.  It is sufficient to say that none of our own do so.  They are rather in accord with the view which we entertain, that the plaintiff's bill should have been dismissed.

"That a tenant who erects fixtures for the benefit of his trade or business may remove them from the demised premises, is an established doctrine of the law, but with this qualification—that the removal be made during the term.  After the term they become inseparable from the freehold and can neither be removed by the tenant nor recovered by him as personal chattels by an action of trover, or for goods sold and delivered: White v. Arndt, 1 Wh. 94, and the cases cited in the argument.  If a tenant remain in possession after the expiration of his term, and perform all the conditions of the lease, it

amounts to a renewal of the lease from year to year, and I take it he would be entitled to remove fixtures during the year : " Davis v. Moss, 38 Pa. 346. " It is a well settled rule of law, that a tenant for years who erects fixtures for the benefit of his trade or business, may, at any time during the term, remove them from the demised premises ; but cannot after the expiration thereof unless he remain in possession and hold over, so as to create an implied renewal of the lease : " Darrah v. Baird, 101 Pa. 265. In the late case of Donnelly v. Frick, 207 Pa. 597, we said : " The presumption of the law, being in favor of trade, is that a tenant does not intend to make his trade fixtures part of the realty for the permanent benefit of his landlord, but will remove them before the end of his term ; and it is only when he leaves without removing them during the term that an intention of making a gift of them to the landlord is to be imputed to him : Hill v. Sewald, 53 Pa. 271 ; Watts v. Lehman, 107 Pa. 106. If, during the term, no intention can be imputed to the tenant to make a gift to his landlord of fixtures, which he had attached to the land for the use of his business, and he has a right to remove them during the tenancy, the same rule ought to, and does apply, when, by permission of the landlord, even without a formal renewal or extension of the lease, he continues to remain on the premises for a definite or indefinite term. During such period, in the absence of any agreement to the contrary, his intention as to his fixtures remains unchanged, and his right to remove them is unaffected by his holding over." Of great weight is the following from the learned Judge COOLEY, in Kerr v. Kingsbury, 39 Mich. 150 : " The right of a tenant to remove the erections made by him in furtherance of the purpose for which the premises were leased, is conceded. The principle which permits it is one of public policy, and has its foundation in the interest which society has that every person shall be encouraged to make the most beneficial use of his property the circumstances will admit of. On the other hand, the requirement that the tenant shall remove during his term whatever he proposes to claim a right to remove at all, is based upon a corresponding rule of public policy, for the protection of the landlord, and which is that the tenant shall not be suffered, after he has surrendered the premises, to enter upon the possession of the

landlord or of a succeeding tenant, to remove fixtures which he might and ought to have taken away before. A regard for the succeeding interests is the only substantial reason for the rule which requires the tenant to remove his fixtures during the term: indeed, the law does not in strictness require of him that he shall remove them during the term, but only before he surrenders possession, and during the time that he has a right to regard himself as occupying in the character of tenant: Penton v. Robart, 2 East, 88 ; Weeton v. Woodcock, 7 M. & W. 14. But why the right should be lost when the tenant, instead of surrendering possession, takes a renewal of his lease, is not very apparent. There is certainly no reason of public policy to sustain such a doctrine ; on the contrary, the reasons which saved to the tenant his right to the fixtures in the first place are equally influential to save to him on a renewal what was unquestionably his before. What could possibly be more absurd than a rule of law which should in effect say to the tenant who is about to obtain a renewal: ' If you will be at the expense and trouble, and incur the loss, of removing your erections during the term, and of afterwards bringing them back again, they shall be yours ; otherwise you will be deemed to abandon them to your landlord.' "

The decree of the court below is reversed and plaintiff's bill dismissed at his costs, which include those on this appeal.