R. W. FINLEY, Jacqueline O'Shea, Individ-
ually and as Trustees, and J. D.
Finley, Plaintiffs in Error,

v.

O. V. WEST, Defendant in Error.

No. 42262.

Supreme Court of Oklahoma.

March 3, 1970.

170

Cantrell, Douglass, Thompson & Wilson, Kenneth J. Wilson, Oklahoma City, for plaintiffs in error.

Francis M. Pickel, Jr., Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This appeal involves the broad question of whether or not defendant in error, hereinafter referred to as "plaintiff", was entitled to replevin certain heating and air conditioning equipment he sold a Mr. and Mrs. Lapp in 1962, for installation and use in a dining establishment at the Rail Fence Motel called the "Lamplighter Cafe", which the Lapps had, in 1961, leased for a three-year term from the predecessor in title of plaintiffs in error, hereinafter referred to as "defendants".

After using the heating and air conditioning system, created by the installation of said equipment, for several months, the Lapps defaulted in paying the balance due thereon in March, 1963, and quit the business and closed the cafe sometime the same year.

Plaintiff sought, and obtained, a judgment in replevin against the Lapps, in an action previous to the present one. Thereafter, when plaintiff made a demand upon the defendants to let him remove said equipment from the cafe property, they refused, and he instituted the present action.

Defendants answered the petition plaintiffs filed, to commence the present action, in August, 1966, with a general denial, a special denial that plaintiff was the owner of the air conditioning and heating equipment, and an affirmative plea that the equipment had become "permanently affixed" to the realty owned by them, and that therefore it belonged to them. Plaintiff's counsel's opening statement at the trial indicated that plaintiff replied to this answer with a general denial.

The written lease, under which the Lapps went into possession of, and operated, the cafe contained no provision which, in any way, referred to the installation in, or removal from, the cafe premises of any kind of equipment, or trade fixture; but, according to plaintiff's testimony at the jury-waived trial, he telephoned one of the defendants, Finley, who, apparently, was one of, or had the authority to speak for, the successors to the Lapps' lessor, and asked Finley whether he wanted to pay for the air conditioning and heating equipment, or allow it to be removed from the cafe premises. According to this witness, said defendant stated:

"There is no use to take it out; whoever moves in will have to have the equipment and they will make some arrangements to pay."

At the close of plaintiff's evidence, defendants interposed a general demurrer to it, and, after this was overruled, introduced evidence in their own behalf. When all of the evidence had been introduced, the case was submitted to the court, without the defendants having renewed their demurrer, or interposed a motion for judgment. Thereafter, the court rendered judgment for plaintiff, and, after it had overruled a mo-

tion for a new trial, that the defendants filed, they lodged the present appeal.

For reversal, defendants contend that the trial court erred in allowing plaintiff recovery of the air conditioning and heating equipment involved, for three reasons, which they assert under three propositions.

Under their first proposition, defendants contend that, since the Lapps' lease of the cafe premises was without any provision or agreement "on the subject of fixtures" or other installations made, or to be made, by those tenants, the equipment involved became an integral part of their realty. Under their second proposition, they recognize, however, that there is legal authority for permitting "trade fixtures", installed by a tenant, to be removed after his tenure in the premises, if this is done within a "reasonable time" thereafter; but they assert that plaintiff waived such right in the present case. Under their "Proposition No. 3", they contend that this action is barred by expiration of the limitation period prescribed by 12 O.S.1961, § 95 (3d par.), as to "actions for the specific recovery of personal property."

■ In our opinion, there can be no question but that plaintiff, a conditional sale vendor, is entitled to the benefit of the "reasonable time" rule, which this Court applied to the mortgagee in Gibson v. Exchange Nat. Bank of Pauls Valley, 172 Okl. 106, 42 P.2d 511. The defendant, Finley, did not categorically deny that he had the conversation with plaintiff, evidenced by the latter's hereinbefore quoted testimony. Finley merely testified that he did not "recall" that conversation.

■ We think that the arrangement thus shown to have been made between plaintiff and said defendant, Finley, had the same effect in extending plaintiff's time to remove the heating and air conditioning equipment from the cafe premises, beyond the end of the Lapps' tenancy, that the understanding between the landlords and his tenants, that the landlords would endeavor to sell the steam engine property in Torrey v. Burnett, 38 N.J.L. 457, had in accom-

plishing a similar result in that case. There the Court said:

"Upon the assumption that such an undertaking on the part of the landlords existed, I can have no doubt that its effect is to debar them from claiming that the chattel in question became theirs as an unremovable fixture, by reason of the surrendering up of the possession of the premises. For a landlord to claim a chattel affixed to the land, on the ground that the tenant failed to remove it while in possession, when such failure had been occasioned by his own promise to sell the fixture for the benefit of the tenant, would, in morals, be a sheer fraud, and the general legal principle above stated is not so inflexible that it is to be so applied as to render such an attempt, when made, successful.

\* \* \* \* \* \*

\* \* \* the landlord's right to the removable fixtures originated in an implied gift on the part of the tenant, such implication arising from the fact that the tenant \* \* \* abandoned the property without removing them. Such presumption is undoubtedly a presumption of law, \* \* \*.

\* \* \* \* \* \*

\* \* \* this legal presumption of a gift *may be repelled by proof of the assent of the landlord to the retention by the tenant of his right of removal.* In my opinion, if the landlord should say to the tenant that he should have a certain time within which to remove his fixtures, such a license would be valid, and would prevent, for the time being, the incorporation of the fixtures into the land. *Such stipulations* as those are common in leases, and in that form have been frequently enforced by judicial action. As the fixture is a chattel, such arrangements need not be in writing, and they *can arise by implication as well as by express agreement.*

\* \* \* \* \* \*

The agreement on the part of the landlords to endeavor to effect a sale of

the fixture for the benefit of the tenant, carried with it an implied permission that it might be removed if such endeavor proved to be unsuccessful. Such arrangement, of necessity, involved the fact that the tenant did not intend to abandon the fixture to the landlord, and it is quite unreasonable to suppose that such an abandonment was meant in case a sale was not effected. The engine was left on the property for a specific purpose, and with the assent of the land-owner; such purpose having failed, the tenant did not lose his property, but was entitled to remove it within a reasonable time.

We think that, on principle, there is no difference between the position of the plaintiff (who had title to the heating and air conditioning equipment involved herein, by the terms of the conditional sales contract under which it was sold to the tenants, the Lapps) and the tenants in the above quoted New Jersey case. As far as evidencing the assent of the landlord, Finley, to the equipment's being left in the Lamplighter Cafe after the cafe's tenants' (the Lapps') tenure had ended, there is no material difference between the undertaking said landlord gave plaintiff (in the conversation plaintiff testified to) and the undertaking by the landlords in that case.

We therefore hold that the heating and air conditioning equipment involved herein did not become a part of said defendants' realty by reason of its not having been removed from the cafe premises, when the Lapps vacated said premises.

Nor do we think that the defense (now asserted) that the hereinbefore mentioned statute of limitations bars plaintiff's recovery, constitutes an efficacious ground for reversing the trial court's judgment. Assuming, without deciding, that defendants were in a position to raise this defense at the trial, without ever having specifically plead it, and further assuming that we may now consider the sufficiency of the evidence on this point,

in the absence of any challenge of the evidence's sufficiency, as a whole (in this connection, see the cases digested in 14 Okl.Dig., "Trial", ☞418), we think that this lately asserted defense was an affirmative one, and that, when plaintiff established by his testimony that defendant, Finley, requested him to leave the heating and air conditioning equipment intact, for the use of future tenants of the cafe, this extended the time, for the equipment's removal from the cafe, beyond the end of the Lapps' tenure, and brought this case within an exception to the forfeiture rule and principle incorporated in 60 O.S. 1961, § 334, with reference to trade fixtures, affixed to realty, becoming the property of the realty's owner, unless removed during the tenant's "term". The burden of proof then shifted to the defendants to establish that plaintiff waited so long to sue on his cause of action that it was no longer protected by said exception, but was barred by limitations or laches. Defendants offered no such proof; and, as far as the evidence shows, plaintiff is, in our opinion, in the same position, regarding the matter of the time he sought to remove the equipment, as a tenant, or lessee, who—with the permission of his landlord—occupies leased premises after the end of the lease's term, commonly referred to as "holding over". As to this "holding over", the Court in Radey v. McCurdy, 209 Pa. 306, 58 A. 558, 560, 67 L.R.A. 359, said:

> "During such period *in the absence of any agreement to the contrary, his (the tenant's intention* as to his fixtures *remains unchanged,* and *his right to remove them is unaffected by his holding over.*"

See also Donnelly v. Frick & Lindsay Co., 207 Pa. 597, 57 A. 60, 61 (discussed in the annotation at 6 A.L.R.2d 322, 341), which enunciates and applies the same rule; and 35 Am.Jur.2d, "Fixtures", § 43, at ft. note 1. Here there was no evidence that the parties' agreement, that the heating and air conditioning equipment be left in the cafe (to be used, and paid for, by one or

more future tenants) was ever changed, or superseded, by a later and different. agreement, and no evidence that defendants had ever rescinded their permission that the equipment be left in the cafe (pursuant to Finley's suggestion) until shortly before institution of this action, when defendants, for the first time (as far as the evidence shows) denied plaintiff permission to remove the equipment and asserted their present claim to its ownership. Thus, it will be seen that plaintiff introduced sufficient evidence to establish a prima facie case for his right to remove the heating and air conditioning equipment involved, as against the bar defendants now assert, and defendants failed to discharge their burden of proving he had lost that right, by lapse of time.

As, for the foregoing reasons, defendants' arguments demonstrate no valid cause for reversing the judgment of the trial court, said judgment is hereby affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, JACKSON, HODGES and LAVENDER, JJ., concur.