# Coleman *versus* Lewis.

A purchaser of land at sheriff's sale with notice that another had the right to remove a house erected on the land, cannot claim damages for such removal.

ERROR to the Common Pleas of *Indiana county*.

Robert Fleming was the owner of a lot in the borough of Indiana, and in 1843 agreed with his sister Sarah to build her a frame house on the lot: she to pay for the cost of its erection, to live in it as long as she pleased, and if she saw fit, or if her brother sold the lot, or it was sold from him, she was to have the right to remove the house. The house was built, and paid for by her, and she lived in it until March, 1852. In 1850, James Todd obtained a judgment against Robert Fleming; a *fi. fa.* was issued, and levy made upon the lot, without mentioning the house occupied by Sarah. The property was sold by the sheriff to William Lewis, plaintiff below, and the deed acknowledged to him, 15th Dec., 1851. At the time of the sale, Lewis knew, and was informed, that the house was the property of Sarah Fleming. William Coleman *et al.*, the defendants below, at the request of Sarah Fleming, and for her benefit, in March, 1852, before Lewis obtained possession of the premises, removed the house, and this action on the case was brought against them by Lewis.

The court (BURRELL, P. J.) charged the jury that the frame house was a fixture, and admitting the contract between Robert and Sarah Fleming, and Lewis's knowledge of it, the judgment of Todd was a lien on all fixtures, and Lewis, as sheriff's vendee, could hold all the judgment was a lien on.

The jury found for the plaintiff $56 damages.

This charge was the error assigned.

*Banks*, for plaintiff in error, cited Rogers v. Gibson *et al.*, 4 *Y.* 111; Heister v. Fortner, 2 *Bin.* 40; Church v. Griffith, 9 *Barr* 117; White's Appeal, 10 *Barr* 252; Mitchell v. Freedly,

[Coleman *v.* Lewis.]

*Id.* 198; Harlan *v.* Harlan, 8 *Harris* 306; Wells *v.* Bannister, 4 *Mass.* 514; Taylor *v.* Townsend, 8 *Mass.* 411; Doty *v.* Graham, 5 *Pick.* 487.

*Drum,* for defendant in error.—Buildings erected on the premises, or substantial additions to a house, are not removable: *Gibbons on Fixtures* 35; 13 *Law Lib.*; 1 *Kent Com.* 343; 1 *Taunt.* 21. He also cited Heaton *v.* Findlay, 2 *Jones* 304; Ross' Appeal, 9 *Barr* 494; Roberts *v.* Dauphin Dep. Bank, 7 *Harris* 71; Harlan *v.* Harlan, 3 *Harris* 507; West *v.* Stewart, 7 *Barr* 122.

The opinion of the court was delivered by

Lowrie, J.—The general law relating to fixtures is intended to define certain relations which have been left undefined by the contract of the parties; and it does not at all apply to this case, if the defendants have succeeded in proving a contract-right to remove the property in question, and that the plaintiff below is involved in that relation instituted by the contract.

The defendants justify under the right of Sarah Fleming; and there is evidence that she was the owner of the house that was removed, that she had it built on her brother's lot under an agreement with him that she might remove it whenever the lot should be sold or whenever she pleased, and that plaintiff knew of this before his purchase at sheriff's sale.

There is no plainer principle of law than the one that a judgment is a lien only on the interest which the defendant actually has in the land, and that a purchaser under that judgment, with notice or knowledge of a valid title of any kind in another, takes the land subject to such title; and it is an obvious corollary of this that if Lewis bought this lot with knowledge of Sarah Fleming's right to take away her house, he has no foundation for his claim for damages for her exercise of the right.

Judgment reversed.