## Hey *versus* Bruner.

1. A tenant who erects fixtures for the benefit of his trade or business, may remove them from the demised premises within his term.

2. Where a tenant has a right to sever and retain fixtures, they are liable to be seized and sold in execution and severed by the purchaser.

3. A tenant covenanted to make additions, &c., "of a permanent character," to the value of $1500, "and to introduce machinery necessary to his business—the permanent additions, &c., to remain on the property at the expiration of this lease and to belong to the owners of said premises." The machinery, &c., was subject to sale under an execution against the tenant and to removal by the purchaser during the term.

4. A boiler and engine put up by a tenant are movable fixtures.

February 15th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. READ, J., at Nisi Prius.

Certificate from Nisi Prius: No. 164, to January Term 1866.

This was an action of replevin, by James P. Bruner & Sons against John Hey. The writ was issued November 4th 1865.

The declaration was for a steam-engine, boiler, shafting and a number of other articles of the machinery of a woollen mill. The defendant pleaded "non cepit—property."

On the 23d of March 1863, Samuel A. Salter leased to John Gadsby & Sons a factory, &c., in Philadelphia, for ten years, at a rent of $900. The lessees covenanted to pay the rent, "and at the expiration of the said term shall and will quietly and peaceably yield up and surrender the possession of the said pre-

[Hey *v.* Bruner.]

mises hereby demised, together with all and every the improvements and additions which they, the said lessees, shall construct and make thereon unto the said party of the first part, his heirs and assigns, in good order and condition, reasonable wear and tear and casualties by fire and water only excepted." It was further covenanted: "The said parties of the second part shall forthwith take possession of the said premises, and shall and will, with all convenient despatch, make alterations, additions and improvements of a permanent character to the said premises, agreeably to a specification and plan to be approved by the said party of the first part, to the extent of at least one thousand five hundred dollars cost and value, and to introduce machinery necessary to the purposes of their business, that of manufacturers of hosiery, &c., the permanent additions and improvements to remain on the property at the expiration of this lease and to belong to the owners of the fee of said premises."

A judgment for about $18,000 was recovered by one Rogers against the Gadsbys, on which an execution was issued. On this execution the sheriff, on the 3d of July 1865, sold the articles mentioned in the declaration to Bruner & Sons, the plaintiffs; on the same day, after the sale of the machinery, he sold the goodwill and lease to John Hey, the defendant.

The plaintiffs gave in evidence on the trial before Read, J., the lease to Gadsbys; also that they had erected a building which cost $2200; that they put in the machinery sold by the sheriff at their own expense; the engine was screwed into the foundation, which was a separate foundation built for the purpose; the engine was otherwise fastened to the building, the boiler was outside of the main building; other parts of the machinery were firmly fixed to the building. The plaintiffs after the sale demanded the articles from the defendant, he ordered them from the premises and refused to deliver the articles.

The defendant gave evidence that the machinery in dispute was necessary for the factory; that the boiler could not be got out except by cutting the boiler apart and tearing down the building.

Judge Read charged the jury:—

"A tenant who erects fixtures may remove them during his term, and in order that I may state the law concisely, I will read the following extracts to you, as the law governing this case :"—

"That a tenant who erects fixtures for the benefit of his trade or business may remove them from the demised premises, is an established doctrine of the law, but with the qualification that the removal be made during the term.

"After the term they become inseparable from the freehold, and can neither be removed by the tenant, nor be recovered by him as personal chattels, and this whether the lease is terminated by lapse of time or forfeiture.

[Hey v. Bruner.]

" Where a tenant has a right to sever fixtures they become so far his personal property that they are liable to be seized and severed under a writ of fieri facias.

" Where a sheriff has taken fixtures in execution, together with a lease of the premises to which they are attached, and is authorized to sever them from the freehold to satisfy the writ, he is bound to sell the fixtures separately if he cannot find a purchaser for the whole.

" It is, however, certain that this right of removal may be limited and controlled by the terms of the lease.

" This lease contemplates the carrying on of a hosiery manufactory, and that machinery be placed therein suitable for the purpose. [There is no doubt that the lessor contemplated this machinery to belong to him at the expiration of this lease, but he did not so provide in the lease. There is no doubt of his intention, but he did not so provide.] [Upon a fair reading of this lease there is no doubt the lessee had a right to remove these fixtures and sever them from the freehold, and if he could do this the sheriff could sell them.] * *

[" The law is settled that Bruner bought Gadsby's title, and that Gadsby had a right to sever these articles."]

The verdict was for the plaintiff for $2541. The defendant had the case certified to the court in banc, and assigned for error the parts of the charge included in brackets.

*P. Archer* and *T. R. Elcock* (with whom was *L. C. Cassidy*), for plaintiff in error.—The articles in dispute were appertenant to the factory, and immovable fixtures; such as would pass under any sale, and be subject to any encumbrance of the realty: Morgan *v.* Arthurs, 3 Watts 140; Ross's Appeal, 9 Barr 491; Gray *v.* Holdship, 17 S. & R. 415; Voorhees *v.* Freeman, 2 W. & S. 119; Pyle *v.* Pennock, Id. 390; Roberts *v.* Bank, 7 Harris 71; Christian *v.* Dripps, 4 Casey 271; Overton *v.* Williston, 7 Id. 155; McClintock *v.* Graham, 3 McCord 553; Preston *v.* Briggs, 16 Vt. 124.

These articles were not severed from the freehold, and until they were, they could not be sold by the sheriff as chattels. Plaintiff could, therefore, have no title. Defendant purchased the right of Gadsby in the realty, and these articles were part of it: Rice *v.* Adams, 4 Harrington 332; Hull *v.* Fuller, 28 Me. 545; Oves *v.* Ogelsby, 7 Watts 106.

Between a tenant and his creditors a fixture which cannot be removed without injury to the premises, is, until severed, a part of the realty: Pemberton *v.* King, 2 Dev. 376.

By the terms of this lease the articles, upon its expiration, must remain upon the property and belong to the owner of the fee.

[Hey *v.* Bruner.]

*G. M. Dallas* and *W. L. Hirst*, for defendant in error.—A fixture erected by a tenant for the purposes of his trade, may be removed or levied on under an execution and passes to his executors: Lemar *v.* Miles, 4 Watts 330; Van Ness *v.* Pacard, 2 Pet. 137; Poole's Case, 1 Salk. 368; Lawton *v.* Lawton, 3 Atk. 13; Penton *v.* Robart, 2 East 88; Elwes *v.* Maw, 3 Id. 37. Severance and removal under a lease is subject to the control of the parties: Shell *v.* Haywood, 4 Harris 528. Consent will change real into personal estate: Piper *v.* Martin, 8 Barr 211; Mitchell *v.* Freedly, 10 Id. 198; White's Appeal, Id. 254; Church *v.* Griffith, 9 Id. 117; Rogers *v.* Gillinger, 6 Am. Law Reg. 431; Oves *v.* Oglesby, 7 Watts 106; Hill *v.* Sewald, 3 P. F. Smith 271.

The opinion of the court was delivered, February 25th 1869, by AGNEW, J.—It is a familiar principle, and the authorities cited abundantly show, that a tenant who erects fixtures upon leased property for the benefit of his trade or business, may remove them from the demised premises within his term. And where a tenant has the right to sever and retain them they are liable to be seized and sold in execution and severed by the purchaser. The judge at Nisi Prius so held and the plaintiff recovered. The tenant's right in this case depends on the terms of his lease. He covenanted to make alterations, additions and improvements of a permanent character to an extent of $1500. These *permanent additions and improvements* he undoubtedly covenanted that his landlord should retain at the expiration of the lease. He also covenanted to introduce machinery necessary to the purposes of his business as a manufacturer of hosiery, and the evidence shows that he had to put in a boiler, engine, shafting, &c., in order to carry on his business. But there was no covenant that any of this machinery should be retained by the landlord. A building twenty-four feet wide, sixty feet long, and three stories high, costing $2200, was put up by the tenant, and was evidently a permanent improvement which satisfied the covenant to suffer such additions and improvements to remain. That a boiler and engine put up by a tenant are movable fixtures, is beyond doubt. See Hill *v.* Sewald, 3 P. F. Smith 271, and authorities therein collected. There being nothing in the lease to enable the landlord to claim the boiler, engine, shafting, &c., put in by the tenant, the title remained in the tenant at the time of execution levied. The plaintiff seems to think that the covenant to introduce machinery suitable to the tenant's business gave the landlord a title. But clearly in the presence of an express covenant to leave to the landlord only the permanent additions and improvements to be made agreeably to a specification and plan to be approved by the landlord, no inference can be drawn that the tenant was to leave

[Bruner *v.* Hey.]

also his machinery and other things introduced for the effectual prosecution of his business as a manufacturer. The question is one of title, and a plea of property must be supported by proof of a superior title on part of the landlord. This was not shown, and the defendant necessarily failed in his plea.

Judgment affirmed.