## McKim *v.* Burke, Appellant.

*Landlord and tenant—Lease—Trade fixtures.*

Where a lease of unimproved land for a long term of years shows by its terms that a building was to be erected thereon, but there is no provision in the lease that the furniture or trade fixtures to be put in the building were to become the property of the lessor at the end of the lease, and it appears that a theater was erected on the land, and curtains were hung in the theater and chairs fastened to the floor in rows with screws, such curtains and chairs will become the property of a purchaser at sheriff's sale on an execution against the lessee, and a subsequent purchaser of the leasehold right at a subsequent sheriff's sale cannot claim them as a part of the leasehold; and this is all the more the case where it appears that the landlord filed a claim for rent after distribution of the proceeds of the sale of the curtains and chairs and participated in the distribution.   The purchaser of the leasehold stood in the position of the landlord and had no better right than the latter to assert title to the property after the landlord had taken a share of the proceeds of the sale in satisfaction of a claim for rent.

Argued April 15, 1914.   Appeal, No. 8, April T., 1914, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1910, No. 41, on verdict for plaintiff in case of Samuel McKim v. Benjamin Burke.   Before Rice, P. J., Orlady, Head, Porter, Henderson, Kephart and Trexler, JJ.   Affirmed.

Replevin for chairs and scenery in a theater.   Before Brown, J.

The court below found the facts to be as follows:

This is an action by Samuel McKim, plaintiff, against Benjamin Burke, defendant, to recover drop curtains and 550 chairs.   Both claim title by sheriff's sales upon executions against the Bessemer Amusement Company—plaintiff by sale of July 16, 1909, defendant by sale of September 13, 1909.

1. In 1907, Jesse P. McCune and wife leased to Israel

Rosenbloom a vacant lot in the borough of Braddock for the term of fourteen years and eleven months.

2. Shortly thereafter the lessee and others secured a charter for the Bessemer Amusement Company formed "for the purpose of establishing and maintaining a nickelodeon or nickelodeons, theater and theaters, and a like place or like places of public amusement and entertainment"—and the lessee assigned the lease to that company.

3. The amusement company erected a theater building, installing and using therein chairs, scenery and other appliances for theatrical and nickelodeon purposes.

4. The lease provides: ". . . . if the parties of the first part refuse to release at a reasonable readjustment of rent, . . . . the parties of the first part agree to buy the building; the price . . . . to be adjusted by three arbitrators, one to be chosen by the parties of the first part, one by the party of the second part, and the third by the two arbitrators chosen."

5. Anderson, Darragh & Company obtained a judgment against the amusement company and issued an execution, levying on pool tables, barber chairs, pianos (and the drop curtains and 550 chairs, the subject of this replevin). The property was sold by the sheriff, July 16, 1909, and purchased by Anderson, Darragh & Company. The company received a bill of sale therefor and assigned it to Samuel McKim. The lessors made no claim to the chairs and drop curtains, but as against the proceeds of sale, presented to the sheriff the following claim for rent: "Rent of building for April, 1909, $140; Rent of building for May, 1909, 140; Rent of building for June, 1909, 140; Rent of building for July, 1909, 140."

6. Upon a later execution against the amusement company, the sheriff, on September 13, 1909, sold to Benjamin Burke the leasehold right of the amusement company, delivering to him a bill of sale therefor. Burke purchased with notice of the prior sheriff's sale under which McKim held title.

532    McKIM v. BURKE, Appellant.

Opinion of Court below—Opinion of the Court.    [57 Pa. Superior Ct.

The court gave binding directions for plaintiff.

Verdict and judgment for plaintiff for $1,471.42. Defendant appealed.

*Error assigned* amongst others was in giving binding directions for plaintiff.

*Thomas F. Ganahan,* with him *J. A. Langfitt* and *H. W. McIntosh,* for appellant.—The criterion of a fixture in a mansion house or dwelling is actual and permanent fastening to the freehold, but this is not the criterion of a fixture in a manufactory or a mill: Voorhis v. Freeman, 2 W. & S. 116; Christian v. Dripps, 28 Pa. 271; Heaton v. Findlay, 12 Pa. 304; Schenck v. Uber, 81 Pa. 31; Ege v. Kille, 84 Pa. 333; Sampson v. Graham, 96 Pa. 405; Bradley v. Ritchie, 12 Pa. Dist. Rep. 658; Silliman v. Whitmer, 11 Pa. Superior Ct. 243; Vail v. Weaver, 132 Pa. 363.

*Edward B. Vaill,* for appellee, cited: Kinnear v. Scenic Rys. Co., 223 Pa. 390; Hey v. Bruner, 61 Pa. 87; Donnelly v. Frick & Lindsey Co., 207 Pa. 597; Radey v. McCurdy, 209 Pa. 306; Pratt v. Keith, 4 Del. Co. 69; Bradley v. Ritchie, 12 Pa. Dist. Rep. 658.

OPINION BY HENDERSON, J., July 15, 1914:

The plaintiff purchased at sheriff's sale the chairs and scenery curtains which are the subject of the replevin. They were used in a building erected by the Bessemer Amusement Company which maintained a "Nickolodeon" or theater and a billiard room in the premises. The building was erected by the amusement company on a leasehold acquired from Jesse McCune and wife by Israel Rosenbloom in 1907, and assigned by the latter to the amusement company. The chairs and curtains were of a general style in common use at that time in such places. The chairs were fastened to the floor in rows with screws. The property was sold

to the plaintiff July 18, 1909, on an execution against the amusement company. On September 13, 1909, the leasehold right of the amusement company was levied on and sold by the sheriff to the defendant who claims that by virtue of the sale to him he acquired title to the property theretofore sold to the plaintiff. The lease from McCune and wife to Rosenbloom was for the term of fourteen years and eleven months from May 1, 1907, at an annual rental of $1,680. There is nothing in the lease which expressly obligates the lessee to make improvements on the premises, but it may be inferred from two paragraphs therein that it was the understanding of the parties that a building would be erected thereon. One of these paragraphs provides that if the parties of the first part refuse to re-lease at a reasonable readjustment of rent then the parties of the first part agree to buy the building, the price for the same to be adjusted by three arbitrators to be chosen as therein provided. The second clause referred to provides that the lessee agrees not to remove, destroy or damage in any way improvements made by himself for the lessors on the premises. The amusement company erected a one-story and basement building which as appears from the testimony was intended for a department store, office or theater. After its completion it was fitted for nickelodeon and theatrical purposes, but there is no covenant in the lease that it was to be so used, nor was there any agreement that the furniture or trade fixtures to be put in the building were to become the property of the lessor. The building was undoubtedly to remain as the "improvement" referred to in the lease, but that was to be paid for by the lessors to the lessee at the end of the term if the parties failed to arrange for an extension of the term. Its erection satisfied any implied covenant of the lessee for improvements to be made by him. Nothing in the lease justifies the inference that the parties had in consideration the retention by the landlord of tables, chairs,

carpets, scenery and other furniture which the lessee found necessary or useful in the prosecution of the business to which the building was devoted. That the chairs were attached to the floor is not a controlling fact in the case. The character of the connection with the realty does not determine the matter of annexation. Since the decision in Voorhis v. Freeman, 2 W. & S. 116, the common-law doctrine of physical attachment has not been in force in this state: Hill v. Seward, 53 Pa. 271; Coleman v. Lewis, 27 Pa. 291. The intention of the parties as derived from the lease and the circumstances surrounding the transaction determine the question. The curtains were necessarily suspended from some part of the building or on frames constructed for that purpose, and the chairs were attached to the floor in rows to promote ease of access and to prevent confusion in the seating of the audience. This was a mere matter of convenience to the proprietor or to the public resorting to the place and not a consideration affecting the owner of the fee. No intention is to be imputed to the tenant to make a gift to the landlord of fixtures which he has attached to the premises for the use of his business. When, therefore, such fixtures are placed on the premises the presumption is that at the expiration of the lease the tenant will remove them: Donnelly v. Frick & Lindsay, 207 Pa. 597; Radey v. McCurdy, 209 Pa. 306. In the case under consideration there was no obligation on the part of the tenant to put these fixtures in the building nor to use it as a theater. The landlord not only acquired no property in the furnishings put in but was to pay for the building itself. There being no evidence in support of an intended title in the landlord the presumption in favor of the right of the tenant to remove the property applies. It follows that the learned trial judge was correct in holding that the plaintiff as purchaser of the property at sheriff's sale acquired a good title as against the subsequent purchaser of the leasehold during the continuance of

the term.   The case is not distinguishable from Hey v.
Bruner, 61 Pa. 87, in any of its material features.

There is another consideration .to be noted in the case
which is that after the sale of the property to the plain-
tiff the landlord filed a claim for rent at the dis-
tribution of the proceeds of the sale and participated
in the distribution.   This was an acquiescence in the
sale of the property and there can do no doubt that,
with the consent of the landlord, property of a tenant
which might otherwise be treated as a part of the realty
may be severed and sold as personalty.   The defendant
has no better right than the landlord would have and
the latter could not assert title to the property after
having taken a share of the proceeds of the sale in
satisfaction of a claim for rent.   The defendant pur-
chased with notice of the prior sale and was not misled
to his prejudice.   The case was well decided under the
evidence.

The judgment is affirmed.