## Marx et al. v. Perrus et al.

*Replevin—Conditional sales—Bailment lease—Chattels real—Fixtures— Affidavit of defense—Practice—Acts of April 19, 1901, May 14, 1915, and May 14, 1925.*

1. The Act of May 14, 1925, P. L. 722, applies only to a conditional sale of a chattel attached, or to be attached, to realty and does not apply to a chattel delivered under a bailment lease.

2. Replevin will not lie for the recovery of personal property which has become a permanent and necessary part of realty.

3. On the other hand, if the chattels are not a constituent part of the realty and may be removed without material damage to such realty, other than the loss of the chattels, or if such chattels are trade fixtures, plaintiff may be entitled to recover possession thereof in replevin.

4. In the absence of an express contract concerning trade fixtures, there is an implied contract permitting a tenant to remove them at the proper time and in a proper manner.

5. In an action of replevin, the sufficiency of an affidavit of defense is governed by the Act of April 19, 1901, P. L. 88, and not by the Practice Act of May 14, 1915, P. L. 483.

Replevin for goods delivered under bailment lease and used as trade fixtures. Motion for judgment for want of a sufficient affidavit of defense. C. P. Westmoreland Co., May T., 1926, No. 867.

*S. W. Bierer*, for plaintiffs.

*J. Hilary Keenan* and *William M. Kahanowitz*, for defendants.

WHITTEN, J., April 18, 1927.—April 3, 1926, the plaintiffs caused to be issued a writ of replevin against John L. Perrus, trading as Forum Café, to recover one No. 4 Instantaneous Troop Heater, Type A; one 5-foot Essex bath-tub, P-2500-D; one 20 x 30 Roll-rim sink, P-6800; two low tank syphonic closets complete, A-180-R, and two lavatories, P-4205-R and P-4605-R, and alleging that the articles above mentioned were of the value of $457.

In their statement of claim, plaintiffs aver that by virtue of a writing thereto attached, dated June 25, 1925, they leased to said Perrus the above articles for a term not exceeding twelve months; that said articles were to be returned to the plaintiffs at the end of the term, or sooner in case of default in the payment of the rentals reserved. At the end of said term, the lessee was required to surrender said goods to the plaintiffs, and at that time the lessee had the option to purchase the said articles—provided the rentals reserved had been paid—for the sum of $1.

The plaintiffs aver that the defendant, Perrus, had made default in the payment of certain rentals when due, whereby the plaintiffs had the right to immediate possession of the said goods.

April 3, 1926, the sheriff made return that he had served the writ upon Perrus, and also upon one Ben Harris, whom he found in possession of the goods.

April 6, 1926, Ben Harris filed a counter-bond in replevin and thereby retained possession of the said goods. The defendant, Perrus, filed no affidavit of defense. As against him, the plaintiffs may enter judgment by filing a præcipe in the office of the prothonotary for that purpose.

The said Ben Harris filed an affidavit of defense—and later an amendment thereto—averring that:

*a.* He is the owner of the house wherein the property replevied is located, and that said Perrus was tenant thereof under a lease dated March 4, 1925;

*b.* That said tenant, having defaulted in the terms of said lease, he (Harris), on Feb. 10, 1926, obtained judgment against said tenant, whereby he recovered possession of said leased premises;

*c.* That he has not now, and never had, any knowledge of the said lease between the plaintiffs and Perrus or of the delivery by the plaintiffs of the said goods to Perrus; and

*d.* That the said articles of merchandise so, as aforesaid, claimed by the plaintiffs, prior to his (Harris's) recovery of the possession of said premises, "were and are affixed to the said realty" in such a manner as to become a part thereof, and are not severable therefrom without material injury to said realty, and that said chattels were so affixed without the knowledge or consent of the said defendant, Ben Harris.

The defendant contends that *(a)* the plaintiff did not comply with the provisions of the Act of May 14, 1925, P. L. 722; and *(b)* the said chattels were and are so affixed to the realty as to become a constituent part thereof, and are, therefore, not recoverable in an action of replevin.

1. Is the Act of May 14, 1925, P. L. 722, applicable to the instant case?

The statute is entitled "An act concerning sales of chattels attached or to be attached to realty, and regulating the filing and effect thereof, and providing remedies and penalties."

In the body of the act its scope is restricted to "a conditional sale contract in writing reserving to the seller the property in chattels attached or to be attached to the realty."

"A conditional sale is one which depends for its validity upon the fulfillment of some condition. The term is usually confined to sales in which the seller retains the title until the payment of the price:" Bouvier's Law Dictionary, 2984.

"A bailment is a delivery of goods upon condition, expressed or implied, that they shall be restored by the bailee to the bailor, or according to his directions, as soon as the purpose for which they are bailed shall be answered:" Bouvier's Law Dictionary, 313. See, also, Lippincott *v.* Scott, 198 Pa. 283.

"An express stipulation to return the bailed property is not an essential requisite to a bailment contract:" Willey Motor Co. *v.* Ervin & Son, 86 Pa. Superior Ct. 505.

"The general rule is that when goods are delivered under a contract of bailment, the owner is entitled to recover them, not only from the bailee, but from purchasers from such bailee:" Krause *v.* Com., 93 Pa. 418; Leitch *v.* Motor Truck Co., 279 Pa. 160.

The contract between the plaintiff and the defendant, John L. Perrus, a copy of which is attached to the plaintiff's statement of claim, is a bailment and not a conditional sale, and, therefore, the Act of May 14, 1925, P. L. 722, is not applicable thereto.

2. In the circumstances, are the chattels in question recoverable in an action of replevin?

In Bullock E. M. Co. *v.* Traction Co., 231 Pa. 129, the court (opinion, page 138) says: "A writ of replevin is effectual for the delivery of personal property only: Roberts *v.* Dauphin Deposit Bank, 19 Pa. 71. If the article or thing, the possession of which is sought to be recovered in such an action, has been so changed in character as to be no longer in the category of personal property, but has become a component, permanent and necessary part of the realty, this form of action will not lie. This rule is subject to some modification as between a vendor and vendee who covenant otherwise in a case where the rights of creditors are not involved."

Marx et al. *v.* Perrus et al.

"The character of the connection with the realty does not determine the matter of annexation. Since the decision in Voorhis *v.* Freeman, 2 W. & S. 116, the common-law doctrine of physical attachment has not been in force in this State: Hill *v.* Sewald, 53 Pa. 271; Coleman *v.* Lewis, 27 Pa. 291. The intention of the parties as derived from the lease and the circumstances surrounding the transaction determine the question:" McKim *v.* Burke, 57 Pa. Superior Ct. 530, 534.

"It is not the character of the physical connection with the realty which is the criterion of annexation. The intention to annex, whether rightfully or wrongfully, is the legal criterion. When one fixes his own chattels on another's land, it is in legal effect a gift of them to the owner of the land. Where the owner of land wrongfully fixes the chattels of another, it is a conversion of them into realty, and the remedy of their owner is only in damages. When a tenant attaches to the land fixtures for his business, the law, in favor of trade, presumes that he meant to remove them before the end of his term; it is only on leaving them that the intention to make a gift to the landlord is imputed to him:" Hill *v.* Sewald, 53 Pa. 271.

"No intention is to be imputed to a tenant to make a gift to the landlord of fixtures which he has attached to the premises for the use of his business. When, therefore, such fixtures are placed on the premises, the presumption is that at the expiration of the lease the tenant will remove them:" McKim *v.* Burke, *supra.* See, also, Donnelly *v.* Frick & Lindsay Co., 207 Pa. 597.

Neither the lease nor a copy thereof between Ben Harris, landlord, and John L. Perrus, tenant, is attached to the pleadings. Nor was such lease or a copy thereof submitted to the court. At the argument it was stated by counsel that the lease was for the term of five years from April, 1925.

The tenant having made default in the payment of rent in February, 1926, the landlord caused judgment in ejectment to be entered against the tenant, and in March, 1926, issued a writ of *hab. fa.,* whereby the sheriff delivered the possession of the leased premises to the defendant, Harris, the owner of the premises.

In an action of replevin, plaintiff's declaration shall consist of a concise statement of his demand, setting forth the facts on which his title to the goods and chattels is based. This has reference to the facts relating to his acquisition of the property and the conditions which entitle him to possession: Drumgoole *v.* Lyle, 30 Pa. Superior Ct. 463.

The defendant in his affidavit of defense must set up the facts denying the plaintiff's title and showing his own title to said goods and chattels: Act of April 19, 1901, § 5, P. L. 88.

In the instant case, the defendant, Ben Harris, in his affidavit of defense avers no facts showing his own title to the chattels in question, except the averment that said chattels were attached to, and became a constituent part of, certain realty owned by him while said realty was occupied by his tenant; that he had no knowledge of the reception of the said chattels by his tenant, or who affixed the same to such realty, or who was the owner thereof. Nor does it appear that he (Harris) paid for or purchased said chattels at private or judicial sale. He only avers that when he evicted his tenant for non-payment of rent, he found said chattels so affixed to his realty.

Indeed, the defendant's only defense is that, without his knowledge or consent, the said chattels were so affixed to his realty as to become a part thereof, and that by reason of the character of such attachment thereto, the severance thereof would work material damage and injury to said realty.

Marx et al. *v.* Perrus et al.

The plaintiffs have neither offered to repair the damage or injury which would result from the severance of said chattels from the realty nor tendered the defendant security conditioned for the repair of such damage.

In other words, the defendant (Harris) denies the plaintiff's right to materially damage his (defendant's) house by severing and removing therefrom chattels which some one—without his consent and without his knowledge—so affixed thereto as to become a component part of such realty. The defendant's real contention is that, in the circumstances, he should not be required to pay for the chattels which he did not agree to purchase merely to prevent material damage to his realty by the severance and removal thereof.

"Replevin is a mixed action, *in rem* and personal. The defendant has his election to deliver the property on the writ or to give security and keep it. If the property be delivered to the plaintiff, the defendant is answerable in damages only for the taking and detention. If it be retained, he is answerable for the full value:" Collins *v.* Bellefonte C. R. R. Co., 171 Pa. 243, 258.

"In an action of replevin where the defendant has entered a claim-property bond and retained possession of the property, a general verdict for plaintiff and judgment thereon entitles the plaintiff, since the Act of April 19, 1901, P. L. 88, to a writ of *retorno habendo*, and this is the case although the jury fail to find the value of the property and damages for its detention:" Reber *v.* Schroeder, 221 Pa. 152.

"Since the Act of April 19, 1901, P. L. 88, the plaintiff may 'at his option issue a writ in the nature of a writ *retorno habendo*' requiring the delivery to him of the property replevied:" Duroth *v.* Cauffiel, 243 Pa. 24.

"The effect of a judgment for want of a sufficient affidavit of defense in an action of replevin under section 5 of the Act of April 19, 1901, P. L. 88, is to determine the title to the property in dispute. The plaintiff must resort to a writ of inquiry for the assessment of damages:" Westinghouse Co. *v.* Harris, 237 Pa. 203.

The court is of the opinion that if the defendant's contention should be sustained by proofs, the plaintiffs ought not to recover under the pleadings in this action.

On the other hand, if said chattels are not a constituent part of the realty and may be removed without material damage to such realty—other than the loss of such chattels—or if such chattels are trade fixtures, the plaintiff may be entitled to recover possession thereof.

In the absence of an express contract concerning trade fixtures, there is an implied contract permitting a tenant to remove them at the proper time and in a proper manner: McClintock and I. Co. *v.* Ætna E. Co., 260 Pa. 191; Robinson *v.* Harrison, 237 Pa. 613.

"What are fixtures" is always a mixed question of law and fact: Campbell *v.* O'Neill, 64 Pa. 290. See, also, Wick *v.* Bredin, 189 Pa. 83.

Trade fixtures are regarded as personal property during the continuance of the term of the tenant: Coyle *v.* Giebner, 114 Pa. 341.

However, in the instant case, the court cannot determine, by an inspection of the pleadings, whether or not the chattels in question here are or are not trade fixtures.

The affidavit of a plaintiff to fix bail in replevin is not admissible as *prima facie* proof of the value of the article replevied: Guinn *v.* Vitte, 63 Pa. Superior Ct. 611.

By filing a counter-bond in the same amount as plaintiff's bond, the defendant does not thereby assent to the plaintiff's valuation: Auto Finance Co. *v.* Reese, 73 Pa. Superior Ct. 550.

Marx et al. *v.* Perrus et al.

In an action of replevin, the sufficiency of an affidavit of defense is governed by the Act of April 19, 1901, P. L. 88, and not by the Practice Act of May 14, 1915, P. L. 483: Willys-Overland, Inc., *v.* Stry, 76 Pa. Superior Ct. 315. Commonwealth Finance Corp. *v.* Kramer, 273 Pa. 528.

Where it is apparent that a proper judicial determination of the controversy between the parties would be facilitated by an opportunity for a broader inquiry into the facts than is presented by a plaintiff, summary judgment should not be entered: Moy *v.* Colonial Finance Corp., 279 Pa. 123; County Savings Bank *v.* Gillette, 273 Pa. 262; Mancia *v.* Marquette National Fire Ins. Co., 280 Pa. 174.

"Judgment for want of a sufficient affidavit of defense should not be entered except in clear cases. Doubtful cases should go to trial, especially those involving intricate relations demanding an inquiry into the facts of the controversy:" Helfenstein *v.* Line Mountain Coal Co., 284 Pa. 78.

### Decree.

And now, April 18, 1927, after argument by counsel and upon due consideration, the plaintiff's motion for judgment for want of a sufficient affidavit of defense is overruled.

From William S. Rial, Greensburg, Pa.